# UNITED STATES *v.* BROWN.
# BROWN *v.* UNITED STATES.

### APPEALS FROM THE COURT OF CLAIMS.

Nos. 283, 284. Submitted April 25, 1907.—Decided May 13, 1907.

The prohibition in the 77th Article of War against officers of the regular army serving on courts-martial to try soldiers and officers of other forces is peremptory, and, notwithstanding the contrary construction of former articles on the same subject, an officer of the regular army, although on indefinite leave of absence, to enable him to accept a volunteer commission, is not competent to sit on a court-martial to try a volunteer officer; and if without him there would have been an insufficient number there is no court, and the sentence of dismissal is void, and in this case an officer so

sentenced and dismissed was entitled to his pay until the organization to which he belonged was mustered out.

The refusal to grant an officer so discharged an honorable discharge did not under the circumstances amount to his active retention in the service and entitle him to pay after the organization to which he belonged had been discharged.

THE facts are stated in the opinion.

*Mr. Assistant Attorney General Van Orsdel* and *Mr. Franklin W. Collins,* for the United States, submitted:

In the case at bar the officer, having been duly commissioned as an officer of a regiment of United States Volunteers, is *prima facie* a volunteer officer, and as such is eligible to sit at the trial of an officer or enlisted man of the volunteer forces.

The language used in the statute is clear, and that used in the permissive enactments of 1861 and 1898, authorizing officers of the Army to accept appointments in the volunteer forces, is equally clear.

It must be assumed that Congress was familiar with the long-established administrative practice of the War Department in the execution of the 97th article of the code of 1806 and in the similar execution which was given to the 64th, 77th and 78th articles of the code of 1878. In the absence of restrictive language, the language used in the permissive act of May 28, 1898, should be given its ordinary meaning and the officers serving in volunteer regiments should be regarded as having the same rights and privileges and as being charged with the same duties and obligations as other officers of the volunteer forces raised by Congress for the prosecu ion of the war with Spain.

In this case the officer who sat as a member of the court-martial held a volunteer commission, and therefore conformed to the requirements of the statute in that regard.

In this case there has been long-continued departmental construction of the statute in question, and under it the rights of a large number of officers who have been tried by courts-

martial similarly constituted have been determined, and the construction placed upon this statute by the War Department, continuing as it has for a period of nearly half·a century, has acquired the force of law, and this construction should not be lightly overturned by the court unless the strongest and most cogent reasons are shown therefor. *Rogers* v. *Goodwin,* 2 Massachusetts, 476; *Brown* v. *United States,* 113 U. S. 568, 571; *Edwards* v. *Darby,* 12 Wheat. 206; *United States* v. *Hill,* 120 U. S. 169, 182; *United States* v. *Philbrick,* 120 U. S. 52–59; *United States* v. *Johnson,* 124 U. S. 237; *Robertson* v. *Downing,* 127 U. S. 607–613.

If the decision of the Court of Claims is permitted to stand, it will invalidate a vast number of sentences imposed by courts-martial similarly constituted, during both the Civil War and the·war with Spain, thus involving the unsettling of matters of the most far-reaching importance, which up to this time have been regarded by the Government and all parties concerned as fully and finally adjudicated and settled. It will be productive of unspeakable confusion and chaos, and serve no good purpose.

*Mr. Lorenzo A. Bailey, Mr. W. W. Dudley* and *Mr. L. T. Michener,* for Lewis E. Brown, submitted:

Under the 77th Article of War the court-martial was wholly without jurisdiction to try the claimant, and its sentence, and all its proceedings in his case, are utterly·null and void.

The failure of the claimant to object to Colonel Grubbs was not a waiver of the right to object nor was it an implied consent. Consent will not be implied as against one who is ignorant of the facts, and, furthermore, consent will not give validity to what is contrary to law.

In *McClaughry* v. *Deming,* 186 U. S. 49, the dismissal-was held void under Article 77, although the accused expressly stated to the court-martial that he had no objection to being tried by any member thereof, he well-knowing at that time that each member of the court was a regular army officer, and he thereafter pleaded guilty to the charges against him.

Article 77 is prohibitive. The prohibition cannot be evaded by means of volunteer commissions carried by those who are thus in most positive terms declared to be incompetent to sit on a court for the trial of volunteers.

A conclusive argument for the application of Article 77 to the present case and against the Government's contention is found in the reason for the enactment of Article 77, as stated in *McClaughry* v. *Deming*, 186 U. S. 49; *S. C.*, 113 Fed. Rep. 639.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a claim for pay as first-lieutenant of United States Volunteers after February 17, 1899, on which date by the sentence of a court-martial the claimant was dismissed from the service. The court-martial consisted of five members, the minimum number by the 75th and 79th Articles of War, Rev. Stats. § 1342, and the president of the court was an officer in the Regular Army. By Article 77. "officers of the Regular Army shall not be competent to sit on courts-martial to try the officers or soldiers of other forces, except as provided in Article 78." (Article 78 has no bearing on the case.) On this ground it is contended that the proceedings were void. Even if the presence of an incompetent person as a member would not have made the proceedings invalid in any event, in this case without him there would have been no court. It has been decided that a sentence against a volunteer officer by a court composed wholly of regular officers is void, and this principle is thought to govern the present case. *McClaughry* v. *Deming*, 186 U. S. 49. On this ground the Court of Claims decided that the claimant was entitled to recover up to the time of the final muster out of his regiment on May 25, 1899, including two months' extra pay under the Act of January 12, 1899, c. 46, 30 Stat. 784; 41 C. Cl. 275; ibid. 575. There are cross appeals to this court.

The answer of the United States to the foregoing argument

is that the regular officer had been granted an indefinite leave of absence from the Regular Army in order to enable him to accept a commission as Lieutenant Colonel, Second United States Volunteer Infantry, and that he was serving in the latter capacity when he sat upon the court. It is argued that it always has been understood that under such circumstances the position in the volunteer service alone is to be regarded, that much harm will be done if a contrary construction should be adopted now, and that the leave given to appoint regular officers to the volunteer service should be construed to carry with an appointment the same consequences that would attach to a commission if held by anyone else. Act of April 22, 1898, c. 187, § 13, 30 Stat. 363; Act of May 28, 1898, c. 367, § 2, 30 Stat. 421.

This argument would have great force when it was required, as formerly, only that courts-martial for the trial of militia officers "Should be composed entirely of militia officers." Act of April 10, 1806, c. 20, art. 97, 2 Stat. 359, 371. If there was a settled practice of treating these words as satisfied if the members of the court were militia officers, whether they also held commissions in the Regular Army or not, we well might hesitate to overthrow it. But when the express prohibition contained in Article 77 was adopted by the Revised Statutes, it made the former construction no longer possible. The words of the statute are peremptory and must be obeyed. We do not apprehend any serious consequences, in view of the date of the change. But whatever the consequences we must accept the plain meaning of plain words. It follows that the proceedings of the court were void, and that it is not necessary to mention or consider other objections that were urged.

We are of opinion that the Court of Claims was right also in the allowances made to the claimant. In 1900 the claimant applied for an honorable discharge as of May 25, 1899, the date when his regiment was mustered out, but was refused. Of course the refusal of a certificate of honorable discharge on the ground that the applicant already has been dishonorably dis-

charged is not an active retention of the officer in the service. The Act of March 2, 1899, c. 352, § 15, 30 Stat. 977, 981, provided that the officers and men of the Volunteer Army should be mustered out, and under the Act of January 12, 1899, c. 46, 30 Stat. 784, "as far as practicable," the discharge of officers and men was to take effect at the muster out of the organization to which they belonged. It would be monstrous to hold that it had been determined not to be practicable to discharge the claimant when his regiment was mustered out, or that the circumstances of his case, notwithstanding his technical success, afford a ground for a later claim. The claimant was allowed two months' extra pay for service outside the United States. He was not entitled to one month's extra pay for service within the United States. See Act of May 26, 1900, c. 586, 31 Stat. 205, 217. Of course, the claim for travel under the same act (31 Stat. 210) must fail. The claimant was discharged before that act was passed.

*Judgment affirmed.*


MR. JUSTICE MOODY did not sit and took no part in the decision.