Booth, J.,
delivered the opinion of the court:
The claimant, Dudley W. Welch, accepted a commission as first lieutenant and assistant surgeon, Forty-third United States Volunteer Infantry, and was subsequently appointed captain and assistant surgeon in the same organization. The dates of his appointments were, respectively, August 22, 1899, and December 1,1900. The service anticipated was the Spanish war. On June 1, 1901, the claimant was tried and convicted before a regularly constituted court-martial (upon his own confession) upon two specifications: First, dis *326 obedience of orders; second, conduct unbecoming a gentleman and an officer. The sentence was dismissal from the service of the United States. On August 14, 1901, the reviewing officer approved the sentence of the court-martial, said orders being received by the claimant at his place of confinement, Cebu, P. I., October 2,1901. This suit is for the recovery of pay as such officer from June 30,1901, to October 2,1901 ;'or, for two months’ extra pay under the act of January 12, 1899 (30 Stat. L., 784). The claimant entered the military service under the act of March 2, 1899 .(30 Stat. L., 977 to 981), which provides as follows:
“ That each regiment shall have one surgeon, with the rank of major; two assistant surgeons, one of whom shall have the rank of captain and one that of first lieutenant, and three hospital stewards: Provided further, That such increased regular and volunteer force shall continue in force only during the necessity therefor, and not later than July 1, 1901.”
Under the foregoing statute it is apparent that claimant’s military services terminated by operation of law on July 1, 1901. Congress was providing for an emergency by a temporary increase in the army, and in so doing expressly limited the length of service. Claimant was detained for a period subsequent to the date mentioned in the enlistment act awaiting the consummation and promulgation of a penal and disciplinary procedure provided for the punishment of offending soldiers. His military services terminated July 1, 1901, and he was paid to that date; his failure to secure muster out and honorable discharge was attributable to his own misconduct. His service, having terminated previous to the final sentence of the court-martial, did not operate to discharge him from the custody of the army when under restraint awaiting the final approval of a court-martial. The military service of himself and regiment had terminated. He was not on a duty status, being a military prisoner in custody under military law for an offense committed during the continuance of his service; there remained but one thing to be done, and that was the enforcement of the sentence of the court-martial. It would not be otherwise had the sentence of the court-martial been not approved and the claim *327 ant honorably discharged. (United States v. Brown, 206 U. S., 240; William E. Mickle, jr., No. 22602.) Claimant is not entitled to extra pay under the act of January 12, 1899 (supra); he did not bring himself within its terms. The act recognized the claims of officers and enlisted. men whose service beyond the limits of the United States had been honest and faithful. It would be without precedent to reward by extra pay an officer who at the time of the muster out of his regiment was detained in custody to await final orders respecting the sentence of a court-martial which had found him guilty upon his own confession of serious offenses against military law. It certainly can. not. be done when the final tribunal to which he may appeal has approved the sentence and ordered its execution.
The petition will be dismissed. Judgment ordered for the defendants.