### FLY v. UNITED STATES.
#### No. 48692.

United States Court of Claims.
Oct. 2, 1951.

10. United Meat Co., Inc., v. R. F. C., supra, 85 U.S.App.D.C. at page 12, 174 F.2d at page 531.

alleges his sentence to be void in that the court martial which sentenced him was without jurisdiction as to his person or as to the offenses for which he was tried, and contends that he remains a member of the United States Navy. The Government contends that the naval court martial which tried, convicted, and sentenced plaintiff had proper jurisdiction and that this court may neither review nor collaterally attack the court-martial decision.

The law is well settled that this court, regardless of errors of law committed, cannot grant plaintiff relief from the consequences of his court-martial sentence if the court martial had jurisdiction of the case. Sima v. United States, Ct.Cl., 96 F.Supp. 932. It is equally well settled that if the court martial lacked jurisdiction, its action is void in its entirety and plaintiff remains in the naval service and is entitled to his pay and allowances for the period since his purported dismissal. United States v. Brown, 206 U.S. 240, 27 S.Ct. 620, 51 L.Ed. 1046; Shapiro v. United States, 69 F.Supp. 205, 107 Ct.Cl. 650.

We are of the opinion that plaintiff was tried and convicted by a court martial having jurisdiction of his person and of the offenses charged and that, no other question being properly before this court, his petition must be dismissed.

George W. Neville, Washington, D. C., for plaintiff.

Francis X. Daly, Boston, Mass., Newell A. Clapp, Acting Asst. Atty. Gen., Holmes Baldridge, Asst. Atty. Gen., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

This is a suit by William Anthony Fly for pay and allowances which he alleges have been wrongfully withheld pursuant to a purported court-martial sentence of dismissal from the United States Naval Service. Plaintiff, who held the rank of Captain at the time of his dismissal, further

The plaintiff concedes that, as a member of the naval service, he was subject to naval court-martial jurisdiction. It is contended, however, that the particular court that tried Captain Fly never acquired jurisdiction of him and that its action as to him was a nullity. Plaintiff's position is based upon certain procedural errors allegedly committed in bringing him to trial. The errors set forth are (1) that the "order for trial" did not specify with particularity the court before which plaintiff was to be tried, i. e., it did not refer plaintiff to the court which tried him;[1] and (2) that the

---

1. The "order for trial" is a document addressed to the judge advocate of a general court martial informing that officer that a certain accused is to be tried before the court martial of which the addressee is a member. The order for trial directs the addressee to notify the president of the court martial, to inform the accused of the date set for trial, and to summon all witnesses. It also trans-

precept was drawn subsequent to the order for trial.[2] Objection to both the above errors was timely made. The first error was corrected before the trial proceeded by the insertion of a date identifying the court before which trial was to be had and by adding a "saving clause" to the precept allowing that court to try cases previously assigned to other courts but not yet tried. It was ruled, as to the second error alleged, that the court before which Captain Fly was tried had superseded earlier courts and had taken over their case loads and that the precept through an unbroken documentary chain antedated the order for trial. Further objections to these same alleged errors were overruled by court-martial authorities, and these rulings were sustained on review by the Secretary of the Navy.

 While it is obvious that the manner in which Captain Fly was brought to trial left something to be desired in the way of orderly procedure, it is not within the power of this court to correct every error committed in the conduct of a court martial. Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691; Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830, 93 L.Ed. 986; Ex parte Dickey, D.C., 204 F. 322. To do so would be to constitute this court an appellate tribunal in the field of military justice. Only when the errors committed are so gross as to amount to a denial of due process does the erring court martial lose its jurisdiction and its power to issue a valid decree. Compare Sima v. United States, with Shapiro v. United States, both supra.

 The errors cited to us here do not amount to a denial of due process. Plaintiff was promptly and fully informed of the charges and specifications to be pressed against him. He was given notice of the time and place of trial and the assistance of counsel of his own choice aided by assigned naval counsel in ample time to prepare his defense. He was accorded a trial on the merits before a court to which he made no objection. No objection has been made to the conduct of the trial itself. The charges and specifications and the court before which plaintiff was tried were all set forth with sufficient definiteness to assure him the protection of *res adjudicata*. The plaintiff having been within naval court-martial jurisdiction, the errors made in bringing him before the particular court, taken at their worst, amount to no more than errors of procedure subject to correction. The errors were properly reviewed and corrected within the naval service, Cf. Hiatt v. Brown, supra, 339 U.S. at page 111, 70 S.Ct. 495, and fall short of amounting to a denial of a constitutional right such as would justify this court in holding the court martial to have lost jurisdiction.

As a further basis for his suit, plaintiff now advances a contention not made at the court-martial trial. That contention is that the court martial which tried him did not have jurisdiction over the offenses of which he was convicted, viz. "embezzlement" and "neglect of duty," both charged as violations of Art. 22 (a), Articles for the Government of the Navy, 34 U.S.C.A. § 1200.[3] Plaintiff contends that the charge of embezzlement cannot lawfully be laid under Art. 22 (a), inasmuch as courts martial are courts of statutory jurisdiction and embezzlement of Government property having been specifically provided for under Art. 14, Par. 8,[4] the embezzlement of other

---

mits the charges and specifications upon which the accused is to be tried.

2. The precept is an order convening the court. It is signed by the convening authority and addressed to the president of the court. It specifies the time and place of meeting and recites the composition of the court. The precept must be drawn before the order for trial and the reference of the charges and specifications to the judge advocate, as otherwise the lat-ter is issued to an officer nonexistent. § 345, Naval Courts and Boards, 1937.

3. "All offenses committed by persons belonging to the Navy which are not specified in the foregoing articles shall be punished as a court-martial may direct." Art. 22(a), A. G. N.

4. Fine and imprisonment, or such other punishment as a court-martial may adjudge, shall be inflicted upon any person in the naval service of the United States

property or money not being mentioned, it must have been the intention of Congress to exclude all other forms of embezzlement from the crimes over which courts martial have jurisdiction. The official Navy publication, Naval Courts and Boards, 1937, takes a contrary position, providing in part that: "Embezzlement of money, or other property, etc., intended for the military or naval service is provided for under the 14th A. G. N., paragraph 8, and is properly charged as shown in Section 89. Embezzlement of any other money or property, public or private, is provided for under the 22d A. G. N."

It seems clear that the latter interpretation is the correct one. It is elementary that the charge of embezzlement of Government property would have to be laid under Art. 14, par. 8, rather than under Art. 22 (a). But as embezzlement of property other than Government property is clearly a crime, and a crime distinct from the embezzlement of Government property, Compare 18 U.S.C. § 641 with 18 U.S.C. § 654, it cannot be other than an offense punishable under Art. 22 (a) "as a court-martial may direct." The case of Rosborough v. Rossell, 1 Cir., 150 F.2d 809, cited by plaintiff for the proposition that the enumeration of a specific offense in one of "the foregoing articles" prevents jurisdiction being rested upon Art. 22 (a) does not point to a contrary result. In that case the specific charge enumerated was "murder"; the charge sought to be laid under Act. 22 (a) was also "murder." The worst that can be said about the charge and specification complained of here is that it was less than artfully drawn. The charge might better have been entitled "Embezzlement of the Property of Another" see 18 U.S.C. § 654, rather than simply "Embezzlement," but the specification clearly outlined the offense charged. The charges and specifications of a court martial correspond to the pleadings of a trial at common law, and their function is primarily the same—to put the accused upon notice of the crime of which he is charged, and to insure an adequate public record so that the accused may invoke the doctrine of *res adjudicata* to protect himself from repeated trials for the same offense. It has been held that court-martial charges and specifications need not meet the niceties of common law pleadings. Ex parte Dickey, D.C., 204 F. 322. In the instant case, however, it appears that the charges and specifications as drawn would have met the test of the modern federal rules that the complaint set forth the essential facts constituting the offense charged. See Rule 3, Federal Rules of Criminal Procedure, 18 U.S.C.

The same reasoning applies to the plaintiff's contention that the court martial tried Captain Fly for a violation of Maryland law—a function beyond its jurisdiction. The court martial tried Captain Fly for the crime of embezzlement of the property of another—a crime detrimental to good order and discipline; a crime bringing disgrace and reproach upon the naval service. Such a crime is properly within the scope and jurisdiction of naval justice, whether specifically provided for by the Articles for the Government of the Navy or merely covered by the broad language of Art. 22 (a). Smith v. Whitney, 116 U.S. 167, 183 et seq., 6 S.Ct. 570, 29 L.Ed. 601. That the offense was also a violation of the criminal law of Maryland does not make it less a naval offense punishable by court martial. 16 Op. Atty. Gen. 579.

Objection is made to the court martial's finding of "guilty" to the charge of "Neglect of Duty," the specification being that accused, having in his possession certain unexpended moneys, entrusted to him for expenditure to the benefit of his vessel's crew, did fail to transfer said moneys to his successor in command, "as it was his duty to do." No conceivable objection can be made to the naval court martial's jurisdiction of this well-recognized

---

* * * Who steals, embezzles, knowingly and willfully misappropriates, applies to his own use or benefit, or wrongfully and knowingly sells or disposes of any ordnance, arms, equipments, ammunition, clothing, subsistence stores, money or other property of the United States, furnished or intended for the military or naval service thereof". Art. 14, Par. 8, A. G. N.

naval offense.[5] The naval court martial which tried Captain Fly found, as a fact, that Captain Fly failed to turn over certain funds to his successor in command and that, as a matter of law, such failure amounted to a "neglect of duty" punishable under Art. 22 (a), A. G. N. It is not within our province to review either of the above decisions. No question raised on this point touches upon the jurisdiction of the naval court martial over Captain Fly. Hiatt v. Brown, supra.

We are of the opinion that naval court-martial jurisdiction extended to plaintiff's person, and to the offenses for which plaintiff stood trial; that any errors committed in bringing him to trial were errors in form only, not voiding that jurisdiction; and that plaintiff's petition must be dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.

---

5. Defined by § 105, Naval Courts and Boards, 1937: "This offense is distinguished from the offense of culpable inefficiency in the performance of duty, in that it is a failure to do, whereas the other is not a failure to do at all, but a doing in such a manner as to be blameworthy. A person may neglect his duty by never entering upon it, in whole or in part. It is an omission rather than an act. A duty may be imposed by law, regulation, order, or custom of the service in force at the time of the commission of the offense."