Howell, Judge,
delivered the opinion of the court:
Plaintiff, Carl Ellsworth Lucas, a Lieutenant (Junior Grade), Supply Corps, United States Navy, attached to the United States Naval Air Station, Lakehurst, New Jersey, was serving as Officer-in-Charge of the commissary store at the Air Station when the charges hereinafter referred to were preferred against him. The Lakehurst Naval Air Station was located within the territorial limits of the Fourth Naval District at Philadelphia, but was under the command of the Chief of Naval Airship Training and Experimentation at Lakehurst, New Jersey.
*821 Prior to April 14, 1948, the Lakehurst Naval Air Station was under the command of the Commandant of the Fourth Naval District at Philadelphia. The Fourth Naval District in turn came under the command of the Chief of Naval Operations. As a result of an “Air Logistics Directive,” issued by the Chief of Naval Operations on April 14,1948, the Air Station was transferred and placed under the command of the Chief of Naval Airship Training and Experimentation at Lakehurst, New Jersey. This commanding officer was responsible directly to the Chief of Naval Operations. The Air Logistics Directive, therefore, had the effect of removing the Lakehurst Air Station from the command of the Commandant of the Fourth Naval District.
On October 9, 1948, the officer in command of the Lake-hurst Air Station addressed a request to Bear Admiral James L. Kauffman, United States Navy, the Commander of the Fourth Naval District, to convene a general court-martial to try plaintiff for malfeasance in his assigned duties. This request was routed through Captain George H. Mills, United States Navy, the Chief of Naval Airship Training and Experimentation, who was the immediate superior of the officer making the request to the Commandant of the Fourth Naval District. On October 11, 1948, the Chief of Naval Airship Training and Experimentation endorsed this request and forwarded it to the Commandant of the Fourth Naval District.
On November 10, 1948, the Commandant of the Fourth Naval District convened a court of inquiry to investigate the charges against plaintiff. On November 17, 1948, the court of inquiry reported its findings and recommended that plaintiff be given a general court-martial. The findings and recommendation were approved by the Commandant of the Fourth Naval District.
On January 18,1949, the Commandant of the Fourth Naval District suggested to the Chief of Naval Airship Training and Experimentation that he originate a request to the Commandant of the Fourth Naval District to convene a general court-martial to try plaintiff. This suggestion was apparently made for the purpose of strictly complying with the mandate of subsection 6 (g) of General Order 245, that the *822 request for court-martial should be from “The appropriate command in the * * * Naval Airship Training and Experimentation Command.”[1]
On February 1, 1949, in accordance with this suggestion, the Chief of Naval Airship Training and Experimentation requested the Commandant of the Fourth Naval District to convene a general court-martial to try plaintiff. In his letter of request, the Chief of Naval Airship Training and Experimentation included the nomination of certain officers attached to the Naval Air Station to serve on the court-martial. Further nominations of court-martial members were made by the Chief of Naval Airship Training and Experimentation in a letter directed to the Commandant of the Fourth Naval District, dated February 16, 1949. On February 17, 1949, the Commandant of the Fourth Naval District ordered that a general court-martial be convened to try plaintiff on charges arising out of alleged misconduct in connection with the duties of his office. As members of the court he named certain of the officers previously nominated by the requesting officer and on March 9,1949, the court-martial was convened and plaintiff was brought to trial.
Eight general charges, several with numerous specifications, were brought against the plaintiff. Plaintiff pleaded guilty to certain specifications under three charges; namely, Scandalous Conduct tending to the Destruction of Good Morals, Culpable Inefficiency in the Performance of Duty, and Violation of a Lawful Regulation issued by the Secretary of the Navy. In addition, plaintiff was found guilty by the court-martial of one specification under each of two charges, (a) Embezzling Money of the United States intended for the Naval Service thereof, and (b) Neglect of *823 Duty. Certain additional specifications under those two charges were found not proved and certain other specifications, along with three full charges, were nolle prossed.
Plaintiff, having been found guilty by the general court-martial as above stated, was sentenced to be dismissed from the Naval Service and imprisoned at hard labor for a term of three years. On March 31,1949, the convening authority approved the proceedings, findings, and sentence. On June 22,1949, the Secretary of the Navy likewise approved the proceedings and findings, but reduced the sentence of imprisonment at hard labor to 24 months.
On June 6, 1949, the plaintiff filed his application for review of sentence before the United States Naval Sentence, Review and Clemency Board, Navy Department, Washington, D. C. On February 7,1950, the Board recommended that “On 6-21-50 remit unexecuted imprisonment at hard labor and release from imprisonment if conduct satisfactory.” Later, the Secretary of the Navy approved this Board’s recommendation. On May 2, 1950, the Naval Sentence, Review and Clemency Board again recommended to the Secretary of the Navy that on May 5, 1950, the unexecuted imprisonment at hard labor be remitted, and that the plaintiff be released from imprisonment. This recommendation was also approved by the Secretary of the Navy.
On December 31,1949, the plaintiff filed his petition for a writ of habeas corpus in the United States District Court for the District of Maine which was denied by Honorable Joseph D. Clifford, Jr., Judge of the United States District Court for the District of Maine on April 20, 1950, in Case No. 665 (Lucas v. Matthews, 90 F. Supp. 21). An appeal was then taken from the United States District Court to the Court of Appeals for the First Circuit. Subsequent to the filing of this notice of appeal the plaintiff, Carl Ellsworth Lucas, was released from confinement by a remission of the remaining portion of his imprisonment by the Secretary of the Navy, and it was then stipulated and agreed by counsel that the said appeal be dismissed in view of the fact that the question involved became moot. Accordingly, the appeal was dismissed September 5,1950.
*824 The plaintiff bad previously petitioned the Board for Correction of Naval Records for review of his dismissal and on November 14, 1950, plaintiff was advised to apply to the Judge Advocate General for review. This review was granted on March 20, 1951, and the application denied on April 10, 1951.
On April 19, 1951, the plaintiff filed a petition for a writ of certiorari in the United States District Court, District of New Jersey, Docket No. 370-51, for review of the denial of the Judge Advocate General. This petition was dismissed on July 2,1951, by Honorable Phillip Forman, Judge of the United States District Court, District of New Jersey, for lack of jurisdiction.
In plaintiff’s petition, now before us, he contends that the general court-martial which tried him was illegally constituted ; that everything done by it was not merely voidable but void. Further, he alleges loss and damage as a result of the court-martial proceedings consisting of pay and allowances since his conviction in the amount of $16,000.
The plaintiff has filed a motion for summary judgment pursuant to Rule 51 (a) and 52 of the Rules of this court and relies upon allegations of his petition and on an annexed memorandum of law.
The defendant has filed its answer admitting the allegations contained in paragraphs 1 to 13, inclusive, of plaintiff’s petition, which allegations have been adopted by the court as the agreed statement of facts. On November 23, 1951, the court allowed defendant’s motion to strike paragraph 14 through 39, inclusive, from plaintiff’s petition on the ground that they were not allegations of fact but were in the nature of a brief with arguments, conclusions, and authorities.
Defendant now requests that plaintiff’s motion for summary judgment be denied and moves the court for an order granting summary judgment in favor of defendant and dismissing plaintiff’s petition on the ground that there is no genuine issue of any material fact on the issue of liability because the allegations of fact in plaintiff’s petition which have been admitted by defendant in its answer, together *825 with defendant’s exhibits 1 to 16, inclusive, filed with the motion, establish that the general court-martial which tried plaintiff was properly constituted, that it had jurisdiction to try him, and that its proceedings cannot therefore be collaterally attacked in this court.
The question which we are called upon to decide is whether or not the Commandant of the Fourth Naval District had the power to convene a general court-martial to try Carl Ellsworth Lucas when the Naval Air Station at Lake-hurst was no longer under his command but under the command of the Chief of Naval Airship Training and Experimentation at Lakehurst, which was only within the territorial limits of the Fourth Naval District.
Article 88 of the Articles for the Government of the Navy provides in part, as follows:
Article 38. Convening authority.
General Courts-martial may be convened, * * *. Second. When empowered by the Secretary of the Navy, by the commanding officer of a division, squadron, flotilla, or other naval force afloat, and by the commandant or commanding officer of any naval district, naval base, or naval station, and by the commandant, commanding officer, or chief of any other force or activity of the Navy or Marine Corps, not attached to a Naval District, naval base, or naval station.
The general court-martial which tried plaintiff was convened by the Commandant of the Fourth Naval District, Hear Admiral James L. Kauffman, by his precept dated February 17,1949. This precept stated in part, as follows:
1. Pursuant to the authority vested in me by the Secretary of the Navy (Navy Department file A17-11 (l)/A17-20, dated 4 March 1946), a general court-martial is hereby ordered to convene at the U. S. naval air station, Lakehurst, New Jersey, at 10: 00 a. m., Tuesday, 8 March 1949, or as soon thereafter as practicable, for the trial of Carl Ellsworth Lucas, lieutenant (junior grade), supply corps, TJ. S. Navy.
Section 345 of Naval Courts and Boards (1937) provides in part:
*826 The precept is the order convening the court. It is signed by the convening authority and addressed to the president of the court. It specifies the time and place of meeting and recites the composition of the court. * * *
Section 829 of Naval Courts and Boards (1937) provides in part:
Where an officer is not authorized by law but specifically authorized by the Secretary of the Navy * * * to convene a court-martial, the precept must cite the authorization in order to show affirmatively the jurisdiction of the Court * * *
The document dated March 4,1946, referred to in the precept is Naval Speedletter A17-11 (1) /A17-20 from the Secretary of the Navy to commandants of naval districts. (Defendant’s Exhibit 12.) This Speedletter stated in part:
You are hereby empowered to convene general courts-martial in accordance with authority vested in me by law * * .
In the habeas corpus proceedings before the United States District Court for the District of Maine, plaintiff contended that the precept was defective and did not comply with Section 329 of Naval Courts and Boards in that it failed to cite General Order 245, subsection 6 (g), as the authority giving the Commandant power to convene the court. The District Court held that the Naval Speedletter of March 4,1946, was the proper source of authority and that this source of authority was cited in the precept. (See Lucas v. Matthews, supra.)
The power of the Commandant of the Fourth Naval District to convene the general court-martial which tried plaintiff emanated, we believe, directly from the Congress of the United States in whom is vested the power to convene military courts. By Article 38 of the Articles for the Government of the Navy, supra, Congress gave the Secretary of the Navy the power to authorize the convening of general courts-martial to three types of commanding officers: (1) the commanding officer of a division * * * or other naval force afloat, (2) the commandant or commanding officer of any naval district, naval base or naval station, and (3) the com *827 mandant, commanding officer or chief of any other force or activity of the Navy or Marine Corps, not attached to a naval district, naval base or naval station. This authorization given by Congress to the Secretary of the Navy without limitation or qualification appears to us to embrace commanding officers of every possible phase of naval activity.
By the Naval Speedletter directed to commanding officers of naval districts, dated March 4,1946, sispra, the Secretary of the Navy authorized the commandants of the naval districts, of which the Fourth Naval District was one, to convene general courts-martial. This was strictly in accordance with the authority granted the Secretary by Congress.
The Secretary of the Navy, as an administrative matter, by General Order 245, supra, brought shore activities which were assigned to the Naval Airship Training and Experimentation Command within the general court-martial jurisdiction of the commandant of a naval district under certain conditions; i. e., “when such action is requested.” “Such action” was properly requested of the Commandant of the Fourth Naval District.
Accordingly, it appears that plaintiff’s contention that the Secretary of the Navy exceeded the authority granted him by Congress by issuing General Order 245 and authorizing the commandants of naval districts to convene general courts-martial to try persons not under their command cannot be sustained.
Plaintiff also urges that since Article 88 of the statute empowers the Secretary of the Navy to authorize the commanding officer “of any other force or activity of the Navy * * * not attached to a naval district, naval base or naval station” to convene general courts-martial, Congress by implication did not give him the power to authorize commandants of naval districts to convene such courts. According to plaintiff, a commandant of a naval district could not be empowered by the Secretary of the Navy to convene a general court-martial to try anyone not under his command but under the command of a force or activity not attached to a naval district. Plaintiff apparently ignored the first part.. of *828 Article 88 wherein the broad power of the Secretary of the Navy to authorize commandants of naval districts to convene courts-martial is given without restriction in this language:
Courts-martial may be convened * * * when empowered by the Secretary of the Navy * * * by the commandant or commanding officer of any naval district, naval base or naval station * * *.
In the face of this authorization, plaintiff’s second argument lacks force and effect.
Plaintiff also advances a further argument in support of his contention that the Secretary of the Navy went beyond his statutory authority to the effect that Article 38 of the Articles of the Government of the Navy, subparagraph Second, supra, should be read and interpreted as though the word “and” which appears twice in the sentence should be construed as having been written “or”. We cannot find any evidence of mistake on the part of Congress in the use of the words “or” and “and” in this sentence. The language is plain and unambiguous on its face and, therefore, we must conclude that Congress knew what it was saying and meant what it said when the statute was enacted.
The law is well settled that this court cannot consider the question of whether the accused was guilty or innocent of the offenses charged but only the question of whether the court-martial which tried him had jurisdiction. Sidney Shapiro v. United States, 107 C. Cls. 650; William Richard Sima v. United States, 119 C. Cls. 405; William Anthony Fly v. United States, 120 C. Cls. 482. We hold that the general court-martial which tried plaintiff was properly constituted and that it had jurisdiction to try him. Its decision was valid and not open to collateral attack in this proceeding.
The motion of the defendant for summary judgment is therefore granted. Plaintiff’s motion for summary judgment is denied and plaintiff’s petition is dismissed.
It is so ordered.
_ MaddeN, Judge; Whitaker, Judge; LittletoN, Judge; and JoNES, Chief Judge, concur.

 Subsection 6 (g) of General Order 245, issued by the Navy Department, Washington, D. C., November 27, 1946, reads as follows: “In order to expedite the administration of justice; (1) general courts-martial of personnel of shore activities assigned to the Operating Forces or the Naval Air Training Command, or the Naval Airship Training and Experimental Command, may be convened by the District Commandant when such action is requested by the appropriate Command in the Fleets or Naval Air Training or Naval Airship Training and Experimental Commands; (2) the summary courts-martial records of personnel of shore activities assigned to the Operating Forces or to the Naval Air Training or Naval Airship Training and Experimental Commands, may be transmitted by a Convening Authority to the Senior Officer Present if such procedure will afford the most expeditious action.”