Madden, Judge,
delivered the opinion of the court:
The plaintiff was a warrant officer in the United States Marine Corps. On J anuary 10,1948, he was brought to trial in China before a general court-martial on six charges, which are quoted in full in our findings of fact. The charges *325 related to fiscal transactions, (1) the receiving of falsely marked freight, (2) the issuance and use of a false bill of lading, (3) making a false request for the shipment of goods, (4) presenting a false request for counselor invoices for the shipment of goods, (5) requesting his organization to ship goods as his personal effects which were not his personal effects, (6) importing two automobiles into China in violation of regulations.
The court-martial found the plaintiff guilty of all the charges and sentenced him to be dismissed from the Marine Corps and from the United States Naval service. The proceedings, findings and sentence were approved by the convening authority and by the Acting Secretary of the Navy on September 23, 1948, except that the Acting Secretary set aside the findings on the first charge. On October 5,1948, the plaintiff was dismissed from the service, in accordance with the sentence,,of the court-martial, by order of the Secretary of the Navy.
The plaintiff sues for his salary from October 6, 1948, up to the present time because, he says, the sentence of the court-martial was void for lack of jurisdiction, and hence his discharge pursuant to the sentence was ineffective and he is, de jure, still in the service.
The plaintiff does not raise any question as to the original jurisdiction of the court-martial to try him. His contention is that, although properly constituted, the court-martial lost jurisdiction by (1) denying him due process of law in the course of the trial and (2) imposing a sentence in excess of its powers.
The plaintiff points to Article 60 of the Articles for the Government of the Navy, 34 U. S. C. (1946 Ed.), sec. 1200, which reads as follows:
Article 60. Proceedings; authentication; use in evidence.
The proceedings of courts of inquiry shall be authenticated by the signature of the president of the court and of the judge advocate, and shall, in all eases not capital, nor extending to the dismissal of a commissioned or warrant officer, be evidence before a court-martial, provided oral testimony cannot be obtained. (Italics added.)
*326 See 50 U. S. C. (1952 Ed.), sec. 625, for tbe present version of this Article. The Navy Department’s administrative regulations, some of which are in the nature of instructions to its officers, caution courts-martial not to violate Article 60. See sections 220 and 454 of Naval Courts and Boards, 1937 Edition.
Before the plaintiff’s trial by the court-martial, a court of inquiry had been convened by the Commanding General, Fleet Marine Force, Western Pacific. After the proceedings of the court of inquiry had begun, the plaintiff was made a party to those proceedings. In the court of inquiry proceedings, one Boellhoff had given testimony unfavorable to the plaintiff. At the plaintiff’s court-martial trial, Boellhoff refused to take an oath or to testify. Thereupon the judge advocate of the court-martial, as the legal custodian of the record of the court of inquiry, offered in evidence that portion of the Boellhoff testimony which had been given after the plaintiff had been made a party to the court of inquiry proceedings. The plaintiff objected to the offer of only a portion of the court of inquiry evidence, and moved that the entire record of the court of inquiry proceedings be admitted. The court-martial admitted all of the Boellhoff testimony, but not the rest of the court of inquiry record. There was a similar incident with regard to the testimony of one Krinkevitch, who had been a witness before the court of inquiry, but who refused to testify before the court-martial.
At the court-martial trial the judge advocate offered in evidence an incriminating statement that the plaintiff allegedly had prepared and signed prior to the trial. The plaintiff objected to its admission, and, at his own request, took the witness stand for the limited purpose of testifying as to matters bearing on the admissibility of the statement. In cross-examining him, the judge advocate asked him if the statement was true. He objected to the question on the ground that the statement had not been made under oath. His objection was overruled and the plaintiff answered that he believed that the statement was a true statement. It was thereupon admitted in evidence.
*327 The plaintiff says that the admission in evidence by the court-martial of the testimony of Boellhoff and Krinkevitch before the court of inquiry was not only a violation of Article 60, which it undoubtedly was, but was a violation of the Sixth Amendment to the Constitution, because it denied him the right to be confronted by the witnesses against him.
It hardly needs repetition that neither this court nor any other civil court is a court of appeal from the decisions of courts-martial. Burns v. Wilson, 346 U. S. 137; Hiatt v. Brown, 339 U. S. 103; Lucas v. United States, 121 C. Cls. 819; Fly v. United States, 120 C. Cls. 482. Decisions of courts-martial are reviewed in the military hierarchy, first by the convening authority, and then by the Secretary of the Department, with the help of his legal staff. Insofar as the admission of the evidence constituted merely an error of law, we have no jurisdiction to review it. Even in professional courts, which are not required to combine judging with soldiering, errors of law are not infrequent. If a hierarchy of appeal has been set up, the error may be corrected. But the idea that a court loses jurisdiction by committing an error of law in the admission of evidence or otherwise is much too alarming to be considered.
We pass then to the question of whether the court-martial denied the plaintiff a constitutional right. We refer to Article 60, which we have quoted above. It is a positive statement by Congress that the court of inquiry evidence shall be evidence before a court-martial, provided oral testimony can not be obtained. This provision has been in the statutes since 1862. It has, no doubt, been made use of in innumerable instances, in cases not capital nor extending to dismissal. If the admission of such evidence is not a violation of the constitutional requirement of confrontation in cases in which the sentence may be a prison term, usually at hard labor, it can not be a violation in the plaintiff’s case where the sentence was dismissal from the service without other penalty. What the plaintiff urges, then, in effect is that we hold this 92-year-old Act of Congress unconstitutional, and stand ready to entertain suits by those who, in the recent past and in the future have been convicted and dismissed from the service *328 in a court-martial trial in which the mandate of Congress has been followed and such evidence has been admitted.
The confrontation provision of the Sixth Amendment is not a prohibition of all hearsay evidence. It is probable that many a person has been capitally or otherwise punished since the adoption of the Sixth Amendment after a trial in which important evidence against him was the dying declaration of the victim of his alleged homicide. The justification for the admission of such hearsay is, of course, the justification for all real or supposed exceptions to the hearsay rule, i. <?., that the evidence is inherently trustworthy, and that direct testimony is not available. Society has had to choose between leaving itself unprotected because it was not possible to obtain the best possible evidence, and acting upon the evidence which it could get, if that evidence was worthy of belief and was believed. The Sixth Amendment has not forbidden the making of this choice. Congress, by the enactment of Article 60, expressed its positive conclusion that court of inquiry evidence is inherently trustworthy, and, if oral testimony is not available, should be admitted in most court-martial trials. It was not unconstitutional for it to so conclude.
Since we are not willing to hold, by inescapable inference, that Article 60 is an unconstitutional enactment, we cannot hold that the admission by the court-martial of the evidence hei’e in question was a violation of a constitutional right of the plaintiff. He has, then, nothing to complain of in this regard except a violation of Article 60. If we were sitting as a court of appeal from the court-martial, it would probably be our duty to correct the error. As we have said, we are not so sitting.
We have referred above to the incident in which the plaintiff took the witness stand for the limited purpose of testifying as to the admissibility of his prior written and allegedly incriminating statement. On cross-examination he was asked whether the statement was a true statement. Pie did not object to the question on the ground that he had not taken the stand to testify as to the merits of the charges. He objected on the ground that the statement had not been made under oath. It would be too much to expect of soldier judges *329 that they would disregard the unmeritorious objection which he interposed, and direct him not to answer the question for another reason which he had not suggested. His objection was overruled and he answered that the statement was a true statement. We do not see in this single incident any compulsion upon the plaintiff to be a witness against himself. If he had not been asked the question, and had not taken the stand to deny the truth of his incriminating statement, the court-martial would have, of course, assumed that it was true. His frank answer could hardly have had any effect upon the court’s decision different from the effect his silence would have had.
The plaintiff urges that the court-martial’s severe sentence of dismissal was a sentence “in gross” based upon its conviction of him upon all six of the charges; that since all of the charges except the sixth one were tainted by the inadmissible court of inquiry testimony, and so severe a sentence would not have been imposed on the sixth charge alone, the sentence was void and should be disregarded. We have explained above that we have not been entrusted with the power to determine, with any legal effect, that the evidence upon which the plaintiff was convicted upon all of the charges was inadmissible. The convictions upon all the charges but one were sustained by the appellate hierarchy to which the plaintiff subjected himself when he joined the Marines.
The plaintiff’s petition will be dismissed.
It is so ordered.
LaRAmoee, Judge; LittletON, Judge; and JoNes, Chief Judge, concur.