Hubert ASHE, Plaintiff,

v.

Robert S. McNAMARA, Secretary of
Defense, Defendant.

Civ. A. No. 64–911.

United States District Court
D. Massachusetts.

June 28, 1965.

Timothy J. Murphy, Boston, Mass.,
for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty.,
John Paul Sullivan, Asst. U. S. Atty., for
defendant.

SWEENEY, Chief Judge.

The plaintiff seeks a declaratory judgment, 28 U.S.C. § 2201, that his conviction and sentence by a general court-martial are invalid and prays for a mandatory injunction pursuant to 28 U.S.C. § 1361, requiring the defendant to remove the plaintiff's dishonorable discharge. The defendant has moved for summary judgment.

The complaint and the affidavits and documents filed in connection with the motion indicate the following, essentially undisputed, facts. The plaintiff, then a Steward 3d Class in the Navy, and two codefendants were, on May 5, 1945, tried by a general court-martial for the offense of striking another person in the Navy. In the course of the trial defense counsel for the three accused perceived a conflict in his representation of all three, as the testimony of one of them was inconsistent with the statement of the plaintiff here. The court, nonetheless, directed defense counsel to proceed and the plaintiff now claims that this action on the part of the court violated his right to effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution. The plaintiff was, as noted above, convicted and he appealed the conviction. In the complaint he alleges that "he has exhausted all his remedies under the Uniform Code of Military Justice and all other administrative remedies and that his case is now ripe for review in the civil courts."

The motion for summary judgment challenges this court's jurisdiction.

Article 76 of the Uniform Code of Military Justice, 10 U.S.C. § 876, provides:

"The appellate review of records of trial provided by this chapter, the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter, and all dismissals and discharges carried into execution under sentences by courts-martial following approval, review, or affirmation as required by this chapter, are final and conclusive. Orders publishing the proceedings of courts-martial and all action taken pursuant to those proceedings are binding upon all departments, courts, agencies, and officers of the United States, subject only to action upon a petition for a new trial as provided in section 873 of this title (article

73) and to action by the Secretary concerned as provided in section 874 of this title (article 74), and the authority of the President."

Even before enactment of this provision, court-martial proceedings were not directly reviewable in civil courts. They could only be attacked collaterally by petitions for habeas corpus, In re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499 (1946), Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953), and in suits for back pay, Brown v. United States, 206 U.S. 240, 243, 27 S.Ct. 620, 51 L.Ed. 1046 (1907), Swaim v. United States, 165 U.S. 553, 17 S.Ct. 448, 41 L. Ed. 823 (1897), Hooper v. United States, 326 F.2d 982 (Ct. of Cl. 1964), Begalke v. United States, 286 F.2d 606 (Ct. of Cl. 1960), Krivoski v. United States, 136 Ct. Cl. 451, 145 F.Supp. 239 (1956) cert. den. 352 U.S. 954, 77 S.Ct. 326, 1 L.Ed.2d 243 (1956), Shapiro v. United States, 107 Ct.Cl. 650, 69 F.Supp. 205 (1947). Neither course, the plaintiff has followed and, certainly, habeas corpus is no longer available to him.

The means of review chosen by this plaintiff has the support of at least one precedent, Jackson v. McElroy, 163 F. Supp. 257 (D.C.D.C.1958), where the court held, on the basis of Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958) that it had power, in an action for declaratory judgment, to inquire into the jurisdiction of a court-martial. But petitioners in the Harmon Case had received administrative dishonorable discharges for pre-induction activities. Their contention, which was accepted by the Supreme Court, was that the Secretary of the Army, had exceeded his statutory authority when, in granting the discharges, he considered matters beyond petitioners' deportment as soldiers, and that "judicial relief is available to one who has been injured by an act of a government official which is in excess of his express or implied powers." 355 U.S. at 581–582, 78 S.Ct. at 435. The Harmon Case did not involve the judgment of a military court which, by

statute, is final and binding. In the absence of any indication in the opinion that the court intended to enlarge district court review of military judgments and in view of the rule that the Declaratory Judgment Act does not enlarge the jurisdiction of district courts, Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), I find myself unable to follow the holding of the Jackson Case. Dunmar v. Ailes, 230 F.Supp. 87 (D.C.D.C.1964), upon which the plaintiff also relies, involved, like the Harmon Case, an administrative determination.

As this court does not have jurisdiction of the subject matter of the complaint, the defendant's motion for summary judgment is allowed. An order may be entered accordingly.