## SHAW v. UNITED STATES.

## BEGALKE v. UNITED STATES.
### Misc. Nos. 397, 389.

United States Court of Appeals
District of Columbia Circuit.
Argued Oct. 22, 1953.
Decided Jan. 21, 1954.

Petition for Rehearing in Banc
Denied Feb. 25, 1954.

Mr. Harold H. Gearinger, Philadelphia, Pa., a member of the bar of the Court of Appeals of Kentucky, pro hac vice, by special leave of Court, for petitioners.

Mr. Gerard J. O'Brien, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and William J. Peck, Asst. U. S. Atty., Wash-

**812**

ington, D. C., were on the briefs, for respondent.

Mr. Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., entered his appearance for respondent in No. 389.

Before STEPHENS, Chief Judge, and EDGERTON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Petitioners Shaw and Begalke, former servicemen convicted in court-martial proceedings, have each petitioned us to review the determination made in his case by the United States Court of Military Appeals, alleging error.[1] Each has moved for leave to proceed in *forma pauperis*. Government counsel resist the motions, contending that this court has no jurisdiction and that the proceedings must be dismissed.

■■■■ The United States Court of Military Appeals was established by the Uniform Code of Military Justice, which gave it power to review the determinations made by boards of review in court-martial proceedings in the armed services.[2] As the Supreme Court has pointed out, the Court of Military Appeals "automatically reviews all capital cases and has discretionary jurisdiction over other cases. It is the highest court in the military system." Burns v. Wilson, 1953, 346 U.S. 137 at page 141, note 7, 73 S.Ct.

1045, 1048, 97 L.Ed. 1508. Nothing in the Uniform Code confers upon this court or any other court the power to review the decisions of the Court of Military Appeals. On the contrary, the Code provides:[3]

"The appellate review of records of trial provided by this chapter the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter, and all dismissals and discharges carried into execution pursuant to sentences by courts-martial following approval, review, or affirmation as required by this chapter, shall be final and conclusive, and orders publishing the proceedings of courts-martial and all action taken pursuant to such proceedings shall be binding upon all departments, courts, agencies, and officers of the United States * * * ."

In the Burns case the Supreme Court referred to the provision just quoted, and said: "We have held before that this does not displace the civil courts' jurisdiction over an application for habeas corpus from the military prisoner. Gusik v. Schilder, 1950, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146." See 346 U.S. at page 142, 73 S.Ct. at page 1049. And it may be that there are other ways of making collateral attack upon the determinations of military tribunals.[4] But we are

1. Petitioner Begalke, then a Yeoman Second Class in the United States Navy, was tried by general court-martial in February 1951. Subsequently, he was convicted, confined and on December 1, 1952, was given a dishonorable discharge from the service. He sought review of the record of his trial and the subsequent review proceedings within the Navy Department by petitioning the United States Court of Military Appeals. That petition was dismissed on April 6, 1953, and a further petition was denied on July 10, 1953. Petitioner Shaw, then a Commander in the United States Navy, was tried by general court-martial in December 1948. He was found guilty and on February 8, 1950, was dishonorably dismissed from the Navy. After review within the Navy Department Shaw filed a petition for review with the United States Court of Military

Appeals. That petition was dismissed on July 10, 1953, and a further petition was denied on August 13, 1953.

2. Act of May 5, 1950, 64 Stat. 107, 50 U.S.C.A. §§ 551–741. See Art. 67 of the Uniform Code, 50 U.S.C.A. § 654. Consult Walker and Niebank, The Court of Military Appeals—Its History, Organization and Operation, 6 Vand.L.Rev. 228 (1953).

3. At Art. 76 of the Uniform Code, 50 U.S.C.A. § 663. See also the former art. 53 of the Articles of War, quoted and discussed in Gusik v. Schilder, 1950, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146.

4. Cf. Shapiro v. United States, 1947, 69 F.Supp. 205, 107 Ct.Cl. 650, cited by Mr. Justice Frankfurter, dissenting from an order denying a rehearing, in Burns v. Wilson, 1953, 346 U.S. 844, 847, 74 S.Ct. 3, 5.

clear that this court lacks jurisdiction to undertake the direct review which petitioners seek.

■ This court has only those powers which Congress by statute has conferred. The petitioners can point to no statutory provision authorizing us to review determinations of the Court of Military Appeals. They rely rather on Rule 38 of our General Rules, entitled "Review or Enforcement of Orders of Administrative Agencies, Boards, Commissions and Officers (Other than the Tax Court of the United States, the District of Columbia Tax Court, and Appeals from Orders of the Federal Communications Commission under Section 402(b) of the Communications Act of 1934, as Amended)." Petitioners argue that the Court of Military Appeals is an administrative agency, subject to that Rule. They urge upon us the Code provision that the Court of Military Appeals "shall be located for administrative purposes in the Department of Defense." Art. 67, 50 U.S.C.A. § 654.

The Court of Military Appeals, with the entire hierarchy of tribunals which it heads, may perhaps be considered as being within the military establishment;[5] perhaps, whether or not that is so, it is properly to be viewed as a specialized legislative court, comparable to the United States Court of Customs and Patent Appeals.[6] But, in any view, the Court of Military Appeals appears to us to be a court in every significant respect, rather than an administrative agency. Certainly Congress intended that in its dignity and in its standards of administering justice the Court of Military Appeals should be assimilated to and equated with the established courts of the Federal system.[7]

■ Even on the assumption that the Court of Military Appeals might for some purposes or in some senses be considered an administrative agency, Rule 38 cannot confer, and does not purport to confer, jurisdiction on this court to review its determinations. The Rule applies only to those administrative determinations which Congress has by statute specifically authorized us to review. Where such authority exists, the Rule prescribes the procedure generally to be followed in invoking review.

■ We cannot consider these cases even though constitutional questions are raised: jurisdiction in this court, where it does not otherwise exist, cannot be created by raising such questions. We make no comment as to possible relief in the District Court or elsewhere.[8]

For these reasons this court lacks jurisdiction over these proceedings, and leave to file the petitions will be denied.

So ordered.

---

5. See Burns v. Wilson, supra, 346 U.S. 137 at page 141, 73 S.Ct. 1045, at page 1048; also separate opinion of Mr. Justice Minton at pages 146 and 1051 respectively. That establishment is, of course, within the executive branch. Cf. Ex parte Quirin, 1942, 317 U.S. 1 at page 26, 63 S.Ct. 2, 87 L.Ed. 3.

6. See Act of March 3, 1911, c. 231, §§ 188, 194, 36 Stat. 1143, 1145, as amended, 28 U.S.C.A. § 211.

7. See Uniform Code, Art. 67(a) (4), 50 U.S. C.A. § 654(a) (4). For a somewhat similar development in Great Britain, see Courts-Martial (Appeals) Act, 1951, 14 & 15 Geo. 6, c. 46.

8. Cf. note 4, supra.