Abraham THOMAS, Appellant,

v.

Colonel James W. DAVIS, Commandant,
United States Disciplinary Barracks,
Fort Leavenworth, Kansas, Appellee.

No. 5653.

United States Court of Appeals
Tenth Circuit.

Oct. 29, 1957.

Rehearing Denied Nov. 4, 1957.

Homer Davis, Leavenworth, Kan., for appellant.

Lieutenant Colonel Peter S. Wondolowski, U. S. Army, Judge Advocate General's Corps, Washington, D. C. (William C. Farmer, U. S. Atty., Topeka, Kan., Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., and Cecil L. Forinash, Lieutenant Colonel, U. S. Army, Judge Advocate General's Corps, Washington, D. C., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The petitioner Thomas, while serving with the United States Army in Germany, was convicted by a general court-martial of the premeditated murder of four persons,[1] and sentenced to be put to death. Thomas is now confined at the United States Disciplinary Barracks at Leavenworth, Kansas pending execution of the sentence. The conviction and sentence were reviewed by the Staff Judge Advocate and approved by the authority that convened the court-martial. The Board of Review in the office of the Judge Advocate General of the Army then reviewed the case and held the findings of guilty and the sentence were correct in law and fact. The case was reviewed and affirmed by the United States Court of Military Appeals, as is provided for by the Uniform Code of Military Justice, Article 67(b) (1), 10 U.S.C. § 867. United States v. Thomas, 6 U.S.C.M.A. 92, 19 C.M.R. 218. The sentence was approved and ordered executed by the President of the United States as required by the Uniform Code of Military Justice, Article 71(a), 10 U.S.C. § 871.

Thomas, having exhausted his remedies under the Code, brought this habeas corpus action, challenging the validity of his conviction, alleging he was denied fundamental rights guaranteed to him by the Constitution of the United States. This appeal is from an order discharging the writ and dismissing the petition.

The substance of the petitioner's contentions here are that a tape recorded confession was secured from him by coercion and undue influence, and that the playing of the recording to the court-martial and comments made by the trial counsel during argument denied petitioner rights guaranteed him by the Constitution.

The civil courts, in numerous cases, have had occasion to pass upon the scope of matters open to review in applications for habeas corpus by persons confined by military courts. Article I, Section 8 of the Constitution gives Congress the power "To make Rules for the Government and Regulation of the land and naval Forces". It has generally been held under this Constitutional provision that the scope of inquiry of civil courts in habeas corpus proceedings does not extend beyond a determination of whether the sentencing military court had jurisdiction over the person charged and the offense, and acted within its lawful powers. Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691; In re Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636. This rather narrow limit of inquiry is considered to have been widened to some extent by Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508. In Easley v. Hunter, 10 Cir., 209 F.2d 483, 487, we said that under the

---

1. The charge was a violation of Article 118, Uniform Code of Military Justice, 50 U.S.C. § 712, now 10 U.S.C. § 918.

Burns decision, a military court must give full and fair consideration to questions relating to the guarantees afforded an accused by the Constitution, and when this is done, the civil courts will not review its action.[2] See also Dickenson v. Davis, 10 Cir., 245 F.2d 317; Dixon v. United States, 10 Cir., 237 F.2d 509; Suttles v. Davis, 10 Cir., 215 F.2d 760, certiorari denied 348 U.S. 903, 75 S.Ct. 228, 99 L.Ed. 709. Our inquiry being limited to a determination of whether the military court gave full and fair consideration to the Constitutional questions presented here, it is not our duty "to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus". Burns v. Wilson, supra.

▇ As to the voluntary nature of the tape recorded confession, we find that this question was fully, fairly and extensively considered during the court-martial trial, and at each stage of the military court appeal system. At the trial several witnesses testified as to the voluntary nature of the confessions and the petitioner declined to take the stand for the limited purpose of determining the voluntary character of the confessions. The Court of Military Appeals, in considering this question, stated:

"Two of the claims of error in the admission of evidence concern the accused's pretrial statements. First it is argued that because of the emotional instability and low mentality of the accused, the circumstances under which the statements were obtained amounted to coercion. The accused's general conduct and emotional reactions, as well as the conditions under which the statements were obtained, were fully developed at the trial. There is substantial evidence to support the law officer's ruling that the statements were admissible because they were made without coercion or improper influence of any kind and after full advice to the accused of his rights under Article 31. * * *."[3]

▇ In the district court the petitioner testified that prior to making his recorded statement he was subjected to long periods of questioning and other abuses by military investigators prior to being advised of his rights, and before

---

2. In the Burns case, 346 U.S. 137, 142, 73 S.Ct. 1045, 1048, 97 L.Ed. 1508, it was said:

"The military courts, like the state courts, have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights. In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings—of the fair determinations of the military tribunals after all military remedies have been exhausted. Congress has provided that these determinations are 'final' and 'binding' upon all courts. We have held before that this does not displace the civil courts' jurisdiction over an application for habeas corpus from the military prisoner. Gusik v. Schilder, 1950, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146. But these provisions do mean that when a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence. Whelchel v. McDonald, 340 U.S. 122, 71 S.Ct. 146, 95 L. Ed. 141 (1950)." (Footnote omitted).

3. Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831, provides:

"(a) No person subject to this chapter may compel any person to incriminate himself or to answer any question the answer to which may tend to incriminate him.

"(b) No person subject to this chapter may interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.

"(c) No person subject to this chapter may compel any person to make a statement or produce evidence before any military tribunal if the statement or evidence is not material to the issue and may tend to degrade him.

any charges were filed against him. It is contended that these facts bring the case within the rule of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819, and the recent case of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. The rule of these cases is not applicable here for the reason stated in Burns v. Wilson, where it was said in footnote 12:

> "We reject petitioners' contentions that the rule of McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, renders the confessions inadmissible and requires the civil courts to hold that the courts-martial were void. The McNabb rule is a rule of evidence in the federal civil courts; its source is not 'due process of law', but this Court's power of 'supervision of the administration of criminal justice in the federal courts.' See 318 U.S. at page 340, 63 S.Ct. at page 613; cf. Gallegos v. State of Nebraska, 1951, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86. And we have of course no such supervisory power over the admissibility of evidence in courts-martial."

 There is no merit to the contention that the effect of playing the tape recorded confession, together with the comments of the trial counsel, amounted to the petitioner being required to be a witness against himself, in violation of the Fifth Amendment. The recording device was only a method of perpetuating the statement. If voluntary, and otherwise lawful, it is admissible the same as if it had been in petitioner's own handwriting, transcribed by a reporter who had taken notes, or oral testimony of one who had heard the statements. In oral argument, trial counsel stated that the court-martial had heard Thomas' own words of how he had killed these four persons. If the comments were prejudicial, the civil courts have no power to correct the error in habeas corpus. The corrective power is in the military authority to review courts-martial proceedings, and in the Congress of the United States. Hiatt v. Brown, supra, and cases cited.[4] Cf. Jackson v. Taylor, 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045. Furthermore, this question was not raised in the court-martial proceedings, therefore cannot be considered on habeas corpus.[5] Suttles v. Davis, supra.

Affirmed, with directions to vacate the stay of execution order.

---

**4.** Paragraph 72b, Manual for Courts-Martial, United States, 1951, provides:

> "Counsel may make a reasonable comment on the evidence and may draw such reasonable inferences from the testimony as will support his theory of the case.

"(d) No statement obtained from any person in violation of this article, or through the use of coercion, unlawful influence, or unlawful inducement may be received in evidence against him in a trial by court-martial."

* * * It is improper to state in argument any matter of fact as to which there has been no evidence. A party may, however, argue as though testimony of his own witnesses conclusively established facts related by them."

**5.** The Court of Military Appeals did consider the admissibility of the transcript of the recorded confession, and found no error. United States v. Thomas, 6 U.S.C.M.A. 92, 98; 19 C.M.R. 218.