**John E. DAY, Jr., Appellant,**

v.

**Neil H. McELROY, Secretary of Defense, Wilber M. Brucker, Secretary of the Army, Maxwell D. Taylor, Chief of Staff, U. S. Army, Appellees.**

**No. 14203.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 24, 1958.

Decided April 10, 1958.

Petition for Rehearing In Banc Denied May 5, 1958.

Mr. Harry E. Wood, Washington, D. C., with whom Mr. Guy Emery, Washington, D. C., was on the brief, for appellant.

Mr. John W. Kern, III, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and Alfred Burka, Asst. U. S. Attys., were on the brief, for appellees.

Before EDGERTON, Chief Judge, and PRETTYMAN and FAHY, Circuit Judges.

**PER CURIAM.**

The appellant's conviction of murder was affirmed by the United States Court of Military Appeals, one judge dissenting. United States v. Day, 2 U.S.C.M.A. 416. The present appeal is from an order of the United States District Court for the District of Columbia dismissing a petition for a writ of habeas corpus. We find nothing in the record that would have justified the District Court in issuing the writ.

Affirmed.

FAHY, Circuit Judge (concurring).

There is a serious question whether the Court which convicted appellant of the capital offense of premeditated murder was adequately instructed on the noncapital offense of unpremeditated murder. The question is serious because of evidence before the court-martial that appellant was highly intoxicated at the time of the homicide and might not have had the specific intent essential to premeditated murder.[1] See the dissenting opinion of Judge Brosman of the United States Court of Military Appeals. 2 U.S. C.M.A. at 427. The majority opinion of the Court of Military Appeals, however, in its review of the instructions which were given leads me to conclude that the inadequacy which existed was not so grave as to have deprived appellant of due process of law or of any other constitutional right, or to have deprived the court-martial of jurisdiction. This civil court accordingly cannot on collateral attack disturb the judgment of the military judicial authorities. See Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508. Such consideration as might now be given to the question of appellant's intoxication and the instructions relevant thereto is for the executive branch of the Government.

---

1. 92d Article of War, 62 Stat. 040 (1948), 10 U.S.C. § 1564 (1946 ed. Supp. IV, 1951), now substantially Art. 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (Supp. V, 1958).