**UNITED STATES of America**

v.

**Robert ROBERTS, Jr.**

**Crim. No. 682–59.**

United States District Court
District of Columbia.

Nov. 18, 1959.

Victor Caputy, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Jean F. Dwyer, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This cause came on for hearing on defendant's motion to suppress evidence. The Court has taken testimony and considered the oral arguments made by counsel.

On July 3, 1959, at about 10:00 P.M., the defendant was arrested on the street by officers of the Metropolitan Police Department who had accompanied the complaining witness to an alleged scheduled rendezvous with the defendant. Close to midnight, after the defendant had been taken to the precinct station, the officers, unaccompanied by the defendant, went to the house where defendant lived with his mother. The officers knocked on the door and when defendant's mother answered they identified themselves, informed her that her son had been arrested; that they were looking for a billfold; and that they could enter and look for it only with her permission. They were allowed to enter. A search of the premises followed and the evidence here sought to be suppressed, a billfold and its contents, was seized.

No search warrant for the premises had been obtained. The Government argues, however, that none was required because consent for a search had been given by the defendant's mother.

A search warrant is not needed where "consent" to the search and seizure is obtained. Woodard v. United States, 1958, 102 U.S.App.D.C. 393, 254 F.2d 312; Annotation, 31 A.L.R.2d 1078 (1953). What constitutes this "consent" and who may validly confer it are the questions posed by this case.

Whether a mother can consent to a search (otherwise unreasonable) of premises in which she and her son both live, and thereby be said to have effectually waived her son's objection to the search, need not be decided since the question can only arise when, in fact, consent has been given. Amos v. United States, 1921, 255 U.S. 313, 317, 41 S.Ct. 266, 65 L.Ed. 654; Williams v. United States, 1959, 105 U.S.App.D.C. 41, 43, 263 F.2d 487, 489.

The record here is devoid of "clear and positive testimony" showing "a consent that is 'unequivocal and specific', 'freely and intelligently given.'" Judd v. United States, 1951, 89 U.S.App. D.C. 64, 66, 190 F.2d 649, 651. And see Higgins v. United States, 1954, 93 U.S.App.D.C. 340, 209 F.2d 819. The mother testified, and the Court finds, that she allowed the police to enter and search because she believed it was her legal duty to do so. It was close to midnight; the police told her that her son had been arrested and that they wanted to search for stolen property. It is difficult to believe that this particular woman understood the significance of what the officers told her; it is quite implausible to believe she was aware a search warrant was a prerequisite to a valid search. The circumstances of this

case clearly distinguish it from such as Woodard v. United States, supra, where there was an actual request for the search.

■ There was testimony to the effect that an emergency situation presented itself to the officers in that the defendant, immediately upon his arrest, told a woman in the street (whom he evidently knew) to "tell my mother I've been arrested." From this it is argued an immediate search was necessary in order to forestall the possible concealment of the property sought. But this is hardly sufficient for the Court to find "exceptional circumstances" or an "emergency" existed, thereby doing away with the necessity for a search warrant. See Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; McDonald v. United States, 1948, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153. This is particularly so in light of the fact that the police officers waited two hours before commencing the search, and the further fact that when they arrived at the house they did not think they could enter without a warrant.

When the police proceed in a manner the courts have held, over and over again, must be the *exceptional* procedure, the prosecutor's office is presented with a burdensome and uphill battle to vindicate that procedure. Their burden has here not been met, and once more, probative evidence must be suppressed because inexpediently obtained.

The motion to suppress is granted.