Robert Herbert BEGALKE

v.

UNITED STATES.

No. 159–55.

United States Court of Claims.
Jan. 20, 1960.

Robert H. Reiter, Washington, D. C., for plaintiff. Spaulding, Reiter & Rose, Washington, D. C., were on the briefs.

Francis X. Daly, Washington, D. C., with whom was Asst. Atty. Gen., George Cochran Doub, for defendant.

REED, Justice (Retired), sitting by designation.

Plaintiff, a citizen, seeks to recover in this court pay and allowances claimed to be owing to him as an enlisted man in the United States Navy. During his enlistment he was convicted by a General Court-Martial on various charges, confined and dishonorably discharged October 15, 1952. He alleges exhaustion by him of all administrative remedies to reverse his discharge through the United States Court of Military Appeals in accordance with the Uniform Code of Military Justice.[1]

His cause of action is based on an alleged denial by the military of his right to effective counsel during his arrest, trial and appeal; that documents admitted as evidence at his trial were seized through an illegal search of his private dwelling, which actions constituted a denial of procedural due process within the language of the Fifth Amendment. As a remedy plaintiff seeks recovery of the pay and allowances he would have received from the Government had he not been discharged. They were estimated at $25,000, subject to computation by the General Accounting Office.

The Government's answer admitted the plaintiff's allegation of discharge by court-martial procedure, but denied plaintiff was deprived of counsel or suffered illegal seizure of the incriminating papers or a denial of due process during his court-martial proceedings.

At the trial proceedings before this Court's Commissioner, plaintiff filed the volumes of proceedings of the General Court Martial of plaintiff, including proceedings in the Court of Military Appeals and decision of the United States Court of Appeals for the District of Columbia.[2] By stipulation of the parties various exhibits were filed before the Commissioner by the Government, including a copy of the decision of the Board of Review of October 24, 1951, and the order of the United States Court of Military Appeals of July 10, 1953, denying plaintiff's petition for modification. Thereafter, first defendant and then plaintiff filed motions for summary judgment on the record as thus made. It is these motions that are now before this court.

The Government broadly asserts that this court does not have jurisdiction to adjudicate a controversy that is based upon a collateral attack against a court-martial proceeding. This position is based upon Article 76 of the Uniform Code of Military Justice.[3] The Government recognizes that in courts with jurisdiction over habeas corpus that meth-

---

1. 10 U.S.C. § 801 et seq. See also Shaw v. United States, 93 U.S.App.D.C. 300, 209 F.2d 811, where an effort was made by Begalke in reliance on Rule 38 of the General Rules of that Court of Appeals, relating to review of administrative determinations, to have the Court of Appeals of the District of Columbia review the determination of the United States Court of Military Appeals. That court denied jurisdiction and Mr. Justice Jackson, as appears on the motion papers, refused to extend the time to seek review to the Supreme Court on the ground that the Court of Appeals was without jurisdiction to review by appeal the action of the Court of Military Appeals.

2. See note 1, supra.

3. 10 U.S.C. § 876:

"The appellate review of records of trial provided by this chapter, the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter, and all dismissals and discharges carried into execution under sentences by courts-martial following approval, review, or affirmation as required by this chapter, are final and conclusive. Orders publishing the proceedings of courts-martial and all action taken pursuant to those proceedings are binding upon all departments, courts, agencies, and officers of the United States, subject only to action upon a petition for a new trial as provided in section 873 of this title (article 73) and to action by the Secretary concerned as provided in section 874 of this title (article 74), and the authority of the President."

od of examination is available for a collateral attack on the conviction by a court-martial on the issue of its jurisdiction to try the accused.[4] We do not find it necessary in this case, however, to pass upon the full sweep of the Government's argument. This court has gone no further than to hold that, where a court-martial with jurisdiction denied defendant's rights under the Fifth and Sixth Amendments, its judgment of dismissal was not a bar to a suit for recovery of pay from the date of dismissal.[5]

The Shapiro case was not a case of habeas corpus, but rested on the court-martial's loss, through a violation of defendant's constitutional rights, of its jurisdiction originally properly claimed. It was an application of the theory of loss of jurisdiction during trial by denial of defendant's constitutional rights.[6]

It will be sufficient for our decision in this case to determine whether there has been such a denial to plaintiff of such rights. If the courts-martial have given fair consideration to petitioner's constitutional rights, it is unnecessary for this court to consider again whether or not the final judgment of the court-martial might be collaterally attacked by plaintiff in this court for loss of jurisdiction due to violation of defendant's constitutional rights. This we think is the rule laid down in Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508.[7] While the prevailing view commanded only four votes, the more traditional concurrence of Mr. Justice Minton was in accord with restrictions on the civil court's reexamination into courts-martial judgments.[8]

4. 28 U.S.C. § 2241; see Philos, Suits in the Court of Claims Involving Status, 16 Fed.Bar.J. 103, 110 (1956); Gusik v. Schilder, 340 U.S. 128, 132, 71 S.Ct. 149, 95 L.Ed. 146.

5. Shapiro v. United States, 69 F.Supp. 205, 107 Ct.Cl. 650, 654:
   "That an egregious wrong has been committed against this plaintiff we have no doubt; our only concern is whether we have jurisdiction to right that wrong. We have no power to review the court martial proceedings; we can give relief only if the verdict of the court martial was absolutely void and, therefore, forms no foundation for plaintiff's dismissal. * * *
   "The court martial, of course, had jurisdiction of the case and, ordinarily, it would follow that any judgment rendered by it, however erroneous, would not be void; but the Supreme Court in Johnson v. Zerbst, 304 U.S. 458, [58 S.Ct. 1019, 82 L.Ed. 1461] held that while jurisdiction of the court may be complete in the beginning, it 'may be lost "in the course of the proceedings" due to failure to complete the court—as the Sixth Amendment required—by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void * * *.' "

   See also Sima v. United States, 96 F.Supp. 932, 119 Ct.Cl. 405; Fly v. United States, 120 Ct.Cl. 482.

6. Frank v. Mangum, 237 U.S. 309, 327, 35 S.Ct. 582, 59 L.Ed. 969; Moore v. Dempsey, 261 U.S. 86, 91, 43 S.Ct. 265, 67 L.Ed. 543; and Johnson v. Zerbst, 304 U.S. 458, 467, 58 S.Ct. 1019, 82 L.Ed. 1461. See opinion of Mr. Justice Frankfurter on motion for rehearing, Burns v. Wilson, 346 U.S. 844, 74 S.Ct. 3, 98 L.Ed. 363.

7. Burns v. Wilson, 346 U.S. 137, 144, 73 S.Ct. 1045, 1050:
   "These records make it plain that the military courts have heard petitioners out on every significant allegation which they now urge. Accordingly, it is not the duty of the civil courts simply to repeat that process—to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus. It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims."
   But see Reid v. Covert, 354 U.S. 1, 37, 77 S.Ct. 1222, 1 L.Ed.2d 1148; In re Yamashita, 327 U.S. 1, 8, 66 S.Ct. 340, 90 L.Ed. 499.

8. See Fowler v. Wilkinson, 353 U.S. 583, 584, 77 S.Ct. 1035, 1036, 1 L.Ed.2d 1054.
   "As long ago as 1902 this Court recognized that it was a 'salutary rule that the sentences of courts-martial, when affirmed by the military tribunal of last re-

We are of the opinion that the record shows no such denial. As to the alleged illegal search, seizure and use at the trial of certain documents of plaintiff, the record shows that the General Court Martial fully considered this charge by defendant. Plaintiff was arrested by the civilian police as a deserter. His conviction was for lesser offenses. He had been declared a deserter due to a manifest intention to desert shown by previous unauthorized changes in his orders and other forgeries of Navy orders. Such arrest was in accord with Art. 8, U.C.M.J., 10 U.S.C. § 808. At the time of arrest he occupied a single room at a private house in Philadelphia and was apprehended there. The papers covered by his objection to their admission on the ground of unlawful search and seizure were found in that room in his brief case. They were allegedly forged naval transfer papers and allegedly false claims for defendant. The papers were admitted through the overruling of defendant's motion to suppress after argument, an order which followed the teaching of Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; and United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.[9]

Plaintiff's contention that the jurisdiction of the court-martial was lost through the deprivation of the constitutional right to effective counsel before, during and after the court-martial proceedings appears to us to be without foundation in the record.

Plaintiff objects to questioning by the police before turning him over to the Naval authorities when he was without counsel. The record has evidence in several places that before he made any incriminating statements, plaintiff was advised that any statements could be used against him. No counsel was requested and none offered. The warnings by the police appear to satisfy Art. 31(b), U.C.M.J., 10 U.S.C. § 831 (b),[10] and substantially protected defendant's rights against self-incrimination. There is no absolute right to be represented by counsel during police interrogation, particularly where no request for counsel is made.[11]

Petitioner was represented by retained civilian counsel and a senior naval officer at the trial. Late in the tenth day of the eleven-day trial the court criticized the navy counsel for his insistent reiteration of the same arguments

sort, cannot be revised by the civil courts save only when void because of an absolute want of power, and not merely voidable because of the defective exercise of power possessed.' "

Bennett v. Davis, 10 Cir., 267 F.2d 15, 17; Day v. McElroy, 103 U.S.App.D.C. 101, 255 F.2d 179; Thomas v. Davis, 10 Cir., 249 F.2d 232. Cf. 67 Harv.L. Rev. 160, case notes; 52 Mich.L.Rev. 602; 27 So.Cal.L.Rev. 333.

Jackson v. McElroy, D.C., 163 F.Supp. 257, cited by plaintiff to support his contention as to our jurisdiction over collateral attacks on judgments of courts-martial was an examination into the validity of the creation of the court-martial, not of that court's denial of constitutional rights.

Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503, involved less than honorable discharges under circumstances which the law did not authorize. The Supreme Court held a District Court had authority to correct.

9. United States v. Roberts, D.C., 179 F. Supp. 478, cited by plaintiff, is not in point. There the home of defendant's mother was searched with her consent and incriminating evidence against defendant found under circumstances which the court determined invalidated her consent.

10. "(b) No person subject to this chapter may interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial."

11. Cicenia v. LaGay, 357 U.S. 504, 508, 78 S.Ct. 1297, 2 L.Ed.2d 1523. See also Crooker v. State of California, 357 U.S. 433, 438, 78 S.Ct. 1287, 2 L.Ed.2d 1448.

after his objections had been overruled by the court. The criticism was not intemperate nor unjustified, and there is no indication that counsel withdraw from participation in the case. In any event, competent civilian counsel made the closing arguments.

Plaintiff's appeal was submitted to the Board of Review without briefs or argument by his counsel. An appeal to the Court of Military Appeals was dismissed for failure to prosecute. Plaintiff was convicted on February 28, 1951. The case was submitted to the Board of Review when counsel failed to file briefs by October 8, 1951. The plaintiff rejected an offer of the Navy to provide him with other counsel when his review by the Court of Military Appeals was delayed by lack of action on the part of his counsel. In all, there is no indication in the record that plaintiff was deprived of his rights to counsel by the Navy. Any possible inadequacies, such as his counsel's failure to prosecute appeals, were due not to deprivation of counsel, but to plaintiff's own selection of counsel. We do not think it could be said this deprived the court-martial of jurisdiction.

Plaintiff also contends that his right to appeal to the Court of Military Appeals was interfered with by a Navy legal officer. This contention was before the Court of Military Appeals and rejected on the basis of substantial contrary evidence on the question. This evidence appears in an affidavit by the Legal Officer filed with the Government's rebuttal brief in the Court of Military Appeals.[12]

■ We find no basis in the record that plaintiff was not accorded a full and fair hearing by the court-martial on his objections now presented here. In such a situation we do not reexamine the conclusions of the court-martial. The Government's motion for summary judgment is granted, while plaintiff's similar motion is denied. Plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, LITTLETON, Judge (Retired), and LARAMORE and MADDEN, Judges, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.

12. Incorporated in this record. See Defendant's exhibit No. 1.