**Tommy Leroy BACON, Petitioner,**

v.

**UNITED STATES GOVERNMENT, Respondent.**

**No. 4077 H.C.**

United States District Court
D. Kansas.

Aug. 11, 1966.

Tommy Leroy Bacon, pro se.

Newell A. George, U. S. Dist. Atty., Topeka, Kan., for respondent.

## MEMORANDUM AND ORDER

WESLEY E. BROWN, District Judge.

There has been filed with the clerk of this court a petition for a writ of habeas corpus signed and verified by TOMMY LEROY BACON; an application for leave to proceed without prepayment of fees has also been received. The court, after examining the papers so filed, makes the following findings and order.

It appears from the petition that Bacon is currently in the custody of respondent under or by color of the authority of the United States and is serving a sentence imposed by a general court-martial convened at Ft. Hood, Texas. On appeal, the conviction was affirmed by the Board of Review, which reduced Bacon's sentence from three to two years. The Court of Military Appeals refused to hear a further appeal.

The grounds on which petitioner bases his allegation that he is being held in custody unlawfully may be summarized thus:

(a) that the law officer refused a defense request that the government produce an essential witness;

(b) that certain evidence used at the trial was obtained by failure to warn the accused of his Fifth Amendment rights before making a statement;

(c) that the law officer refused to declare a mistrial despite errors in the pretrial advice to the commanding general.

It is necessary at the outset to state the scope of inquiry open to civil courts on habeas applications from military prisoners. Statements delimiting the breadth of inquiry vary somewhat, although in small measure. The United

States Supreme Court has stated that the civil court is limited to a determination of whether the military court gave full and fair consideration to the allegations in the application. See Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508. In Thomas v. Davis, 249 F.2d 232 (10th Cir. 1957) (rehearing denied), it is stated that under Burns, *supra,* the civil court need determine only that the military court gave full and fair consideration to the constitutional questions presented. 249 F.2d 232, 234. In Palomera v. Taylor, 344 F.2d 937 (10th Cir. 1965), it is suggested that, as to some issues, at least, the court need determine only that the accused had an opportunity to raise the issue at the trial. All agree that the court may not grant the writ simply to re-evaluate the evidence.

■ It appears to us that regardless which of the principles above is applied, we are foreclosed from reviewing petitioner's claims. For each of the grounds alleged in the petition was raised at the trial, argued by counsel, and passed upon by the law officer.

One ground alleged is the law officer's refusal to require the government to produce an essential witness. The defense made offers of proof, outlining the substance of the requested witness' testimony. He argued in support that new lines of inquiry had appeared and defined them. The law officer denied the request. [Petition, ¶ 10(a)]. He was far better qualified then to balance the materiality and value of the offered evidence with the delay required to procure it, than we are now. He passed upon its pertinence to alleged new lines of inquiry. We cannot review his judgment. *Palomera,* supra.

The evidence which is objected to here was objected to at the trial. The constitutional ramifications were fully argued by counsel and passed upon. [Petition, ¶ 10(b) (pp. 10–12)]. Again, our inquiry ceases.

The third and last defect alleged is the inclusion of other bad acts of the accused in the pretrial advice to the commanding general. Again, this objection was raised at the trial. The alleged defects were described in detail, and the possible prejudice resulting therefrom explored. [Petition, ¶ 10(b) (p. 12)].

The court concludes that Bacon is not entitled to a writ of habeas corpus or to an order to show cause why one should not be granted.

It is ordered that leave to proceed without prepayment of fees is granted and the clerk shall file the petition currently lodged.

It is further ordered that the petition so filed be and it is hereby dismissed without prejudice, because the petition contains no reviewable matters. The clerk shall enter judgment accordingly.

It is further ordered that copies of this Memorandum and Order be mailed to the parties herein; in addition, a copy shall be mailed to the office of the United States Attorney for Kansas and to the office of the United States Army Judge Advocate General for information.