**Gene C. McKINNEY, Appellant,**

v.

**Thomas A. WHITE, Secretary of the Army, and W. B. Huffman, Major General, The Judge Advocate General, Appellees.**

**No. 01–5172.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 14, 2002.

Decided June 7, 2002.

Charles W. Gittins argued the cause and filed the briefs for appellant.

Thomas M. Ray, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Roscoe C. Howard, Jr., U.S. Attorney and R. Craig Lawrence, Assistant U.S. Attorney.

Before: SENTELLE, ROGERS and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge:

Gene C. McKinney, now retired, was a Sergeant Major of the Army who was court martialed in 1998 and found guilty of obstructing justice in violation of Article 134 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 934. After unsuccessful attempts to have his conviction set aside under the UCMJ, he sought review in the United States District Court for the District of Columbia under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, of the Judge Advocate General's denial of his request to set aside the court martial finding and sentence. The district court dismissed the complaint

on the ground that the Judge Advocate General is not an "agency" for purposes of the APA. We hold that the statutory scheme created by Congress for review of courts martial precludes review of the Judge Advocate General's decision under the APA. Accordingly, we affirm the dismissal of the complaint.

## I.

The relevant facts are undisputed. Pursuant to UCMJ Article 32, 10 U.S.C. § 832, an Army investigation of allegations of sexual harassment and assault by six female military personnel resulted in McKinney's being court martialed. He was charged in 18 counts with violations of military law arising out of alleged sexual harassment and in a separate count with obstruction of justice in violation of UCMJ Article 134, 10 U.S.C. § 934. In March 1998, a jury acquitted him of the 18 sexual harassment counts and convicted him of the obstruction count. He was sentenced to a reprimand and a reduction in grade from Army Sergeant Major to Army Master Sergeant.

McKinney sought a post-trial evidentiary hearing pursuant to UCMJ Article 39(a), 10 U.S.C. § 839(b), to inquire into allegations of prosecutorial misconduct in not disclosing and destroying evidence and attempting to influence witnesses. The Military Trial Judge denied the motion on the papers. The Judge also denied McKinney's renewed Article 39(a) request, to which he had attached the affidavit of his counsel recounting a discussion with a prosecution witness. McKinney then filed a petition for mandamus in the United States Army Court of Criminal Appeals in a further effort to obtain a post-trial evidentiary hearing; the court denied the petition. His writ of appeal to the United States Court of Appeals for the Armed Forces was also denied, without prejudice to his right of review under UCMJ Article 69, 10 U.S.C. § 869. *McKinney v. United States,* 51 M.J. 270 (C.A.A.F.1998).

Pursuant to UCMJ Article 69, 10 U.S.C. § 869(a), the Commander for the Military District of Washington affirmed the findings and sentence and forwarded the record of the trial to the Judge Advocate General for review. Following an investigation of McKinney's allegations of prosecutorial misconduct that included interviews of several prosecution witnesses, including the witness referred to in McKinney's Article 39(a) affidavit, the Judge Advocate General stated summarily: "The finding and sentence are supported in law and the sentence is appropriate. No modification of the finding or sentence is warranted." The Judge Advocate General did not refer the case to a Court of Criminal Appeals for review as to matters of law. *Id.* § 869(d) & (e).

Having failed to obtain relief from the military justice system, McKinney filed a complaint in the United States District Court for the District of Columbia. He alleged that the decision of the Judge Advocate General was arbitrary and capricious and not based on substantial evidence within the meaning of the APA, 5 U.S.C. § 706, because the Judge Advocate General failed to provide an adequate explanation for rejecting McKinney's claims of prosecutorial misconduct. The Secretary of the Army and the other defendants ("the Secretary") moved to dismiss the complaint for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion to dismiss, ruling that the Judge Advocate General is not an "agency" for purposes of the APA.

## II.

McKinney contends that the district court erred in ruling that the Judge Advo-

cate General's decision is not subject to review under the APA. He maintains that because decisions by the Judge Advocate General under UCMJ Article 69 are reached independently and constitute final binding decisions affecting the rights of individuals, the Judge Advocate General is an "authority" within the meaning of 5 U.S.C. § 701(b)(1) whose decisions are subject to judicial review under the APA as final agency action. He relies on the broad definition of the word "agency" in the APA, 5 U.S.C. § 701(b)(1), and the presumption favoring review of final agency decisions that is overcome only by clear and convincing evidence that Congress intended to restrict access to the courts. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511–12, 18 L.Ed.2d 681 (1967).

Although the district court addressed McKinney's complaint in terms of whether the Judge Advocate General was an "agency" subject to APA review, we conclude that a threshold jurisdictional issue must be addressed. The APA provides for the non-reviewability of "courts martial and military commissions," 5 U.S.C. § 701(b)(1)(F), but does not expressly preclude review of Judge Advocate General decisions reviewing courts martial pursuant to UCMJ Article 69, 10 U.S.C. § 869. Congress' establishment, pursuant to Article I, Section 8 of the Constitution, of a separate judicial system for courts martial review is, however, convincing evidence that Congress could not have intended Judge Advocate General review of courts martial to fall within APA review of agency decisions.

In *Schlesinger v. Councilman*, 420 U.S. 738, 746, 95 S.Ct. 1300, 1307, 43 L.Ed.2d 591 (1975), the Supreme Court stated that it "repeatedly has recognized that of necessity '(m)ilitary law … is a jurisprudence which exists separate and apart from the law that governs in our federal judicial establishment.'" 420 U.S. at 746, 95 S.Ct. at 1307 (quoting *Burns v. Wilson*, 346 U.S. 137, 140, 73 S.Ct. 1045, 1047–48, 97 L.Ed. 1508 (1953)). The Court also reiterated in *Schlesinger* both the general rule that "the acts of a court martial, within the scope of its jurisdiction and duty, cannot be controlled or reviewed in the civil courts, by writ of prohibition or otherwise," 420 U.S. at 746, 95 S.Ct. at 1307 (citations omitted), and the limited exception for collateral attack seeking a declaration that a judgment is void, having no res judicata effect, "because of lack of jurisdiction or some other equally fundamental defect." *Id.* at 747, 95 S.Ct. at 1307. Observing that "[t]he military is 'a specialized society separate from civilian society' with 'laws and traditions of its own (developed) during its long history,'" *id.* at 757, 95 S.Ct. at 1313 (quoting *Parker v. Levy*, 417 U.S. 733, 743, 94 S.Ct. 2547, 2555, 41 L.Ed.2d 439 (1974)), the Court noted that "Congress attempted to balance … military necessities against the equally significant interest of ensuring fairness to servicemen charged with military offenses." *Id.* The Court further observed that:

> implicit in the congressional scheme embodied in the [UCMJ] is the view that the military court system generally is adequate to and responsibly will perform its assigned task. We think this congressional judgment must be respected and that it must be assumed that the military court system will vindicate servicemen's constitutional rights.

*Id.* at 758, 94 S.Ct. at 2562–63.

As the proceedings in McKinney's case illustrate, Congress has established a complete and distinct procedure for members of the military who are charged with law violations under the UCMJ. While direct parallels are imprecise, the proceedings in

his case suggest a process that begins with a review that serves a function comparable to that of the grand jury for Article III courts. This was followed by a jury trial, imposition of a sentence, and post-trial motions proceedings. Then, in a procedure unique to the military, the finding and sentence were subject to the approval of the Commander of the Military District. 10 U.S.C. § 860. Upon such approval, the trial record was forwarded, in light of the length of McKinney's sentence, to the Judge Advocate General for review instead of a Court of Criminal Appeals. *Id.* §§ 866(b)(1), 869(a). UCMJ Article 69 provides that a soldier who is convicted during a general court martial and sentenced to less than one year of confinement is entitled to an automatic review of the record of the trial by the Judge Advocate General, unless the soldier affirmatively waives review. *Id.* § 869. "If any part of the findings or sentence is found to be unsupported in law or if reassessment of the sentence is appropriate, the Judge Advocate General may modify or set aside the findings or sentence or both." *Id.* § 869(a). Upon referral by the Judge Advocate General, further review of questions of law is available by a Court of Criminal Appeals pursuant to UCMJ Article 69, 10 U.S.C. § 869. UCMJ Article 76 provides that:

> [t]he appellate review of records of trial provided by [Chapter 47, UCMJ] . . . are final and conclusive. . . . [and] are binding upon all departments, courts, agencies, and officers of the United States, subject only to action upon a petition for a new trial as provided in section 837 of this title (article 73) and to action by the Secretary concerned as provided in section 847 of this title (article 74) [Remission and suspension], and the authority of the President.

*Id.* § 876.

The proceedings under the UCMJ demonstrate that the designated reviewing authorities have "heard [McKinney] out on every significant allegation which [he] now urge[s]." *Burns,* 346 U.S. at 144, 73 S.Ct. at 1050. The Military Trial Judge reviewed McKinney's allegations of prosecutorial misconduct on two occasions and the Court of Appeals for the Armed Forces denied his writ of appeal. The Judge Advocate General reviewed the court martial finding and sentence and also conducted his own investigation into the allegations of prosecutorial misconduct. McKinney makes no claim that the procedures established by Congress in the UCMJ were inadequate to the task, much less "fundamentally defect[ive]." *Schlesinger,* 420 U.S. at 747, 95 S.Ct. at 1307–08.

This court has long acknowledged that it lacks jurisdiction of a direct appeal of a court martial. Although McKinney does not seek review of a decision of the Court of Appeals for the Armed Forces, he, like the petitioners in *Shaw v. United States,* 209 F.2d 811, 813 (D.C.Cir.1954), seeks review of a decision by the military authority that Congress has designated to review his direct appeal and his collateral attack on his general court martial conviction. The fact that he did not receive a more severe sentence, whereby his appeal would have gone to a Court of Criminal Appeals, is a distinction without difference with regard to the jurisdiction of this court. As in *Shaw,* then, "we are clear" that Congress has not granted jurisdiction to this court to review direct appeals from the highest military official of a general court martial. 209 F.2d at 812–13.

Furthermore, Congress has expressly provided that "courts martial" are not subject to review under the APA. 5 U.S.C. § 701(b)(1)(F). While McKinney contends that this prohibition does not extend to the final decision of the Judge Advocate Gen-

eral, the logic of his position is illusive. Congress has provided a separate justice system in the UCMJ for military personnel and it has expressly determined that "courts martial" are not to be subject to APA review. Hence, it is difficult to understand the reasoning that Congress would have utilized in making the final UCMJ review of "courts martial" subject to review by Article III courts under the APA. To adopt that position would not only be contrary to the long-established understanding that "[m]ilitary law, like state law, is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment," *Burns*, 346 U.S. at 140, 73 S.Ct. at 1047, "[i]t is well settled that 'by habeas corpus the civil courts exercise no supervisory or correcting power over the proceedings of a court martial'" and that "[t]he correction of any errors it may have committed is for the military authorities which are alone authorized to review its decision." *Hiatt v. Brown*, 339 U.S. 103, 111, 70 S.Ct. 495, 499, 94 L.Ed. 691 (1950) (citations omitted). In *Shaw*, this court rejected the view that the Court of Military Appeals (now the Court of Appeals for the Armed Forces), was anything other than "a court in every significant respect, rather than an administrative agency." 209 F.2d at 813. Although the Judge Advocate General has independent fact-finding authority under UCMJ Article 69, unlike a Court of Criminal Appeals under UCMJ Article 66 or an Article III appellate court, McKinney points to nothing that would indicate that Congress viewed the UCMJ Article 69 procedures for review of courts martial involving sentences of less than one year to be so inferior as to warrant review by Article III courts under the APA. Although review by the Judge Advocate General is in the nature of a collateral proceeding akin to *coram nobis*, *Curci v. United States*, 577 F.2d 815, 818 (2d Cir.1978) (citing *inter alia* S.Rep. No. 1601, 90th Cong., 2d Sess. (1968), reprinted in 1968 U.S.C.C.A.N 4501, 4515), for the military justice system where "Congress has taken great care both to define the rights of those subject to military law[] [and to] provide a complete system of review within the military system to secure those rights," *Burns*, 346 U.S. at 140, 73 S.Ct. at 1048, the Judge Advocate General's decision is properly viewed as what Congress concluded should be the final decision under military law in McKinney's court martial. So understood, Congress' preclusion of APA review of "courts martial" reaches the Judge Advocate General's decision in McKinney's case.

Although McKinney contends only that the Judge Advocate General's summary statement of his decision is inadequate to reveal the basis of his reasoning, and arguably is not seeking review of the underlying court martial finding that he obstructed justice in violation of UCMJ Article 134, by assuming jurisdiction in his case the court would be unable to deny review in later cases where it would be required to review courts martial findings. As framed, moreover, McKinney's allegations of prosecutorial misconduct would effectively require this court to determine whether the alleged misconduct so affected his court martial that he was denied a fair trial. *Cf. United States v. Bagley*, 473 U.S. 667, 678–79, 105 S.Ct. 3375, 3381–82, 87 L.Ed.2d 481 (1985); *Greer v. Miller*, 483 U.S. 756, 765, 107 S.Ct. 3102, 3108–09, 97 L.Ed.2d 618 (1987). Yet this is the type of question that Congress has determined is to be conducted by the Judge Advocate General when a court martial sentence imposes less than one year's confinement. *See Schlesinger*, 420 U.S. at 746–47, 95 S.Ct. at 1307–08. Moreover, as the Second Circuit has suggested, the Judge Advocate General's decision to use a

short form of response in claims seeking discretionary review is not unexpected where there are a large number of claims. *See Curci*, 577 F.2d at 818. McKinney's attempt to invoke the APA amounts, then, to an attempt to end run a military justice system wherein Congress has afforded him the direct review procedures it deemed appropriate.

Accordingly, we hold that this court has no jurisdiction under the APA to review the decision of the Judge Advocate General denying McKinney's request to set aside the court martial finding and sentence, and we affirm the dismissal of the complaint.